David P. Force, Esq.
**Law Offices of Michael Lupolover, P.C.**
**120 Sylvan Ave. Suite #303**
**East Rutherford, New Jersey 07632**

**ATTORNEY FOR PLAINTIFF**
**Ruben Ousley**

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RUBEN OUSLEY,** ) | **Case No.:** |
| ) | |
| **Plaintiff,** ) | **CLASS ACTION COMPLAINT** |
| **vs.** ) | **AND** |
| ) | **JURY TRIAL DEMAND** |
| **CHARLES I. TURNER, ESQ.** ) | |
| **Defendant.** ) | |
| _____ ) | |

**CIVIL COMPLAINT AND JURY TRIAL DEMAND**

     Plaintiff, Ruben Ousely, on behalf of himself (hereinafter "Plaintiff"), and all others similarly situated, by and through him undersigned attorney, alleges against Charles I. Turner, Esq. (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, brought by Ruben Ousely, in her own individual capacity, and on behalf of a class of other, as of yet unidentified, similarly situated individuals.

## JURSIDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3.     Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4.     Plaintiff, Ruben Ousely, is a natural person, who at all relevant times has resided in the city of Cliffwood, State of New Jersey, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.     Defendant is a law firm and does business in the State of New Jersey, with its corporate office located at 38 E. Ridgewood Ave. Suite #395, Ridgewood, New Jersey 07450 and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## CLASS ACTION ALLEGATIONS

6.     Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices/letters/communications from Defendant which, as alleged herein, is in violation of the FDCPA, and who reside in the State of Pennsylvania  as of one year from the date of Plaintiff's Complaint (the "Class").  Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable. On information and belief, tens of thousands, of persons have received debt collection notices/letters/communications from Defendants, which violate various provisions of the FDCPA.

7.     This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

8.     The Class is so numerous that joinder of all members is impracticable.  On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate various provisions of the FDCPA.

9.     The debt collection notices/letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

10.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

11.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

12.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

13.     The members of the class have claims which are unlikely to be vindicated in the absence of a class action.

14.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

15.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

16.    Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

17.    Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

18.    Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL STATEMENT**

19.    Upon information and belief, and at all times relevant to this litigation, Defendant has engaged in a course of collection attempts on a consumer debt, allegedly owed by Ousley, which originated and remains due and owing with First Pay Loans.   Debt derived from loans intended

for personal use, as is the case in the instant matter, has long been recognized by the Federal Trade Commission to be "consumer debt," as that term is defined by the FDCPA.

20.     In a letter dated December 15, 2016 (hereinafter the "Collection Letter") executed by Defendant advised, *inter alia*, that a debt was due and owing.  The Collection Letter also attempts to provide the federal mandated disclosures in an initial letter to a consumer, as same is delineated in 15 U.S.C. § 1692g(a)(1), (2), (3), (4) and (5).

21.     Upon information and belief, the collection letter was the first written communication sent by Defendant to Ousley.

22.     The Collection Letter reads, in pertinent parts, as follows:

> **"Further action will be necessary if you refuse to take advantage of this final opportunity.  _IMMEDIATE_ payment in full is required in order to avoid the potential consequences of non-payment."**  (Emphasis added)

And;

> **"all information furnished by you during the application process is now being reviewed…In the event such information is determined to have been false, an additional cause of action may be instituted against you."**

And;

> **"Your account balance will be subject to significant increases due to added costs and charges if additional enforcement is needed.  Payment in full is required _NOW_."**  (Emphasis added)

And;

> **"If you notify this office within 30 days from receiving this notice this office will obtain verification of the debt or copy of the Judgment against you and mail you a copy."**

23.    A copy of the collection letter is attached hereto marked "Exhibit A."

24.    The collection letter was received by Ousley on or about December 18, 2016.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. §1692(e) Pre-face, 15 U.S.C. §1692(e)(10) & 15 U.S.C. § 1692g(a)(4)

25.    Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 26 above and incorporates them with the same force and effect as if set forth specifically herein.

26.    Defendant caused the Collection Letter to be sent to Plaintiff.

27.    The collection letter was received by Ousley on or about December 18, 2016.

28.    The collection letter stated, *inter alia*, and in pertinent part:

> **"If you notify this office within 30 days from receiving this notice this office will obtain verification of the debt or copy of the Judgment against you and mail you a copy."**

29.    15 U.S.C. § 1692g(a)(3) requires a debt collector to a statement that, upon the consumer's **_written_** request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.." (emphasis added).

30.    Defendant failed to include the language that the dispute needed to be in writing, in violation of 15 U.S.C. § 1692g(a)(4).

31.    Upon Ousley's receipt of the letter, Plaintiff did not know, and could not know, that if the request was not made in writing, that he was the rights that go along with the request  would not vest.

32.     In as much as Defendants' statement is a violation of 15 U.S.C. § 1692g(a)(4), the statement, at its core, is a false, deceptive and misleading representation of Plaintiff's rights in violation of 15 U.S.C. §1692e Pre-face and 15 U.S.C. § 1692(e)(10).

33.     Plaintiff has been damaged and is entitled to relief.

### COUNT II
### VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
### 15 U.S.C. §1692(d) Pre-face. 15 U.S.C. §1692(e) Pre-face & 15 U.S.C. §1692(e)(10)

34.     Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 33 above and incorporates them with the same force and effect as if set forth specifically herein.

35.     Defendant caused the Collection Letter dated December 15, 2016 to be sent to Plaintiff.

36.     The collection letter was received by Ousley on or about December 18, 2016.

37.     The collection letter advised, in pertinent part, as follows:

> "**Further action will be necessary if you refuse to take advantage of this final opportunity. *IMMEDIATE* payment in full is required in order to avoid the potential consequences of non-payment.**" (Emphasis added)

And;

> "**Your account balance will be subject to significant increases due to added costs and charges if additional enforcement is needed. Payment in full is required *NOW*.**" (Emphasis added)

38.     The Collection Letter advises Ousley of certain rights he has as delineated by 15 U.S.C. §1692g(1), (2), (3), (4) and (5).   Granted Defendant omits the "in writing" language for a section of these federally mandated disclosures, the others are on point.

39.     The Collection Letter advises, in sum, that payment is required "IMMEDIATELY" and later in the letter, "NOW."  The ramifications for failure to pay are also delineated by Defendant in the form of "significant increase" to the overall balance if the payment is not made.

Defendant attempts to strike fear in the heart of Plaintiff in the form of additional fees and costs for failure to pay immediately.

40.     The statement outlined in paragraph 37 above, is a direct attempt by Defendant to overshadow and trump Ousley's federally mandated right to dispute the alleged debt within the first (30) days, as stated in 15 U.S.C. §1692g(a)(3), (4) and (5).

41.     The Congressional findings and declaration of purposes section of the FDCPA, 15 U.S.C. 1692, *et seq*., reads as follows:

> **(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**
>
> **(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.**
>
> **(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.**
>
> **(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.**
>
> **(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.**

42.     It was precisely this type of behavior that the FDCPA was enacted to prevent.

Defendant's letter attempts to obscure the federally mandated rights disclosures with threats of adding costs and fees to the Plaintiff's current balance if she does not pay the balance in full,

**within the (30) dispute period**.  What Defendant has in effect done is to advise Plaintiff that she may dispute the debt, but that if she does, there will be monetary repercussions for doing same.

43.    This type of language is nothing less than deceptive, abusive and wholly misleading.

44.    Defendant's actions have caused damage to Plaintiff to which she is entitled relief.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triabal.

### RELIEF

WHEREFORE, Plaintiff, Nikki Lovaglio, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

A.  That an order be entered certifying the class as described above, pursuant to Fed. R. Civ. Pro. 23(b)(3).

B.  That an order be entered declaring the Defendant actions, as described above, in violation of the FDCPA;

C.  That judgment be entered against the Defendant, and for all class members, for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

D.  That judgment be entered against the Defendant and for all class members,  for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

E.  That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

F.  That the Court enjoin Defendants from further misrepresenting the effects of a consumer's failure to dispute the debt within the applicable (30) day period under 15 U.S.C. §1692g, *et seq*.

G.  That the Court grant such other and further relief as may be just and proper.

Dated this 17th day of April, 2017

Respectfully Submitted,

s/   David P. Force                                    .
David P. Force, Esq.
Attorney for Plaintiff:
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 303
Englewood Cliffs, NJ 07632
(T) (201) 461-0059
(E) DPF@lupoloverlaw.com